24-MJ-4640-DHH

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Casey Hyde, a Special Agent with Homeland Security Investigations (HSI) being duly sworn, depose and state as follows:

1. I am a Special Agent with United States Department of Homeland Security ("DHS"), Immigrations and Customs Enforcement, Homeland Security Investigations ("HSI"), assigned to the office of the Special Agent in Charge ("SAC") New England. I have been a Special Agent since January 2022, and I am assigned to the Child Exploitation and Forensics Group. My formal law enforcement training includes successfully completing the Criminal Investigator Training Program, the Homeland Security Investigations Special Agent Training Program, and the Basic Immigration Enforcement Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia. I also have successfully completed the Uniformed Police Training Program at the Federal Law Enforcement Training Center in Artesia, New Mexico.

2. As an HSI agent, I am authorized to investigate violations of the laws of the United States, including criminal violations relating to child exploitation, child pornography, coercion and enticement, and transportation of minors. I have received training in the investigation of child pornography and have reviewed examples of child pornography as defined in 18 U.S.C. § 2256.

3. This affidavit is submitted in support of an application for a criminal complaint charging Eric BRAULT ("BRAULT") (YOB 1993) with possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2).

4. The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including

1

other law enforcement officers, my review of documents and records related to this investigation, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. This affidavit does not contain every fact known to me with respect to this investigation. Rather, it contains those facts that I believe to be necessary to establish probable cause for the issuance of the requested criminal complaint.

## PROBABLE CAUSE
### Background On Chat Application A

5. Law enforcement has become aware of a secure online chat platform, hereinafter referred to as "Chat Application A."[1]  In review of Chat Application A's website[2] and other law enforcement resources, I have learned that Chat Application A is a communications-based platform available on the internet to users worldwide. Service is offered through a web-based application for Windows, Linux, and iOS operating systems, along with mobile applications available for Android and iOS operating systems. Chat Application A's services include instant messaging, voice calls, video calls, and file sharing capabilities. Chat Application A allows users to have personal, one-on-one chats, or to have larger scale group chats with other Chat Application A users.

---

[1]  Law enforcement knows the name of Chat Application A. However, the investigation into users of Chat Application A remains ongoing, and public disclosure of Chat Application A's actual name potentially could alert its users to the investigation and cause users to flee or destroy evidence. Accordingly, to preserve the confidentiality and integrity of the ongoing investigation, the actual name and other identifying details of Chat Application A remain undisclosed in this affidavit.

[2]  I know that Chat Application A updates its website content and informational blog posts often, and the information set forth here is derived, in part, from information obtained from Chat Application A's website as of on or about the date that this affidavit was drafted.

2

6. For the most part, all Chat Application A chats are protected by end-to-end encryption, meaning that only the sender and receiver(s) of a chat have access to the content and most material does not remain on servers once delivered (any material that does is encrypted). Prior to delivery of transmitted content, or if the recipient's phone is off, the content is encrypted and stored on Chat Application A's servers. If the sender of a message deletes his/her own message, he/she will have an option to delete the message from every recipient's device, which would result in the original picture, video, or text content no longer appearing on all recipients' devices. Additionally, a self-destruct timer can be set for every message sent in a chat so that after the message is read, it is automatically deleted from the chat on all sides of the conversation.

7. To access Chat Application A, a user must create an account, which requires him or her to provide a cellular phone number. The account cellular phone number is sent a verification text message with a verification key code that must be entered in the application in order to activate the account. A user also is asked to provide a full name, birthdate, and email. The full name field, which becomes the user's display name in the application, is the only field required to continue into the application and can be any name the user chooses to enter. Once a name is entered, a user is asked to verify their age by stating whether they are above or below 16 years of age. Upon opening Chat Application A, both the user's verified phone number and display name are visible on the right side of the messaging board.

8. Based on my training and experience, and training and experience of others I have spoken with, I know that Chat Application A often is used for, among other things, illegal activity,

including access to, and the exchange of, child pornography, because of the high degree of anonymity that is offered to Chat Application A users.

## Investigation

9. Law enforcement has been investigating users of Chat Application A who traffic in child pornography for the last few years. During the review of certain groups within Chat Application A, agents found that a registered user with a verified phone number ending in 6774 (hereinafter referred to as the "SUBJECT ACCOUNT") was a participant in at least three groups where child pornography was disseminated.

10. Through investigation of the SUBJECT ACCOUNT, HSI learned the following information that led them to believe that BRAULT was the user of the SUBJECT ACCOUNT:

    a. On January 14, 2023, BRAULT created a T-Mobile account for phone number ending in 6774, which was subscribed to a residence in Attleboro.

    b. The phone number was also used to create the Chat Application A account, which was ultimately activated on September 18, 2023.

    c. A query of records held by the Massachusetts Board of Probation revealed that in 2011, BRAULT had been charged in the Attleboro District Court for the offense of Indecent Assault and Battery on a Child Under 14 Years Old and for the offense of Child in Nude, Lascivious Pose/Exhibit. In June 2012, BRAULT pled guilty to the offense of Indecent Assault and Battery on a Child Under 14 Years Old and was subsequently sentenced to 18 months of probation. *See* Doc. No.1134CR0009334. The charge of Child in Nude, Lascivious Pose/Exhibit was dismissed.

### Execution of Search Warrants at BRAULT'S Residence

11. Based in part on the foregoing information, law enforcement obtained federal warrants to search BRAULT's person and residence in Attleboro, MA. *See* Case Nos. 24-MJ-4621-DHH and 24-MJ-4622-DHH (SEALED). The affidavit submitted in support of the search warrants is attached as Sealed Exhibit 1 and incorporated herein by reference.

12. On December 18, 2024, agents executed the federal search warrants. At that time, BRAULT was encountered at the Attleboro, MA residence. Agents advised BRAULT of his rights pursuant to *Miranda*, which BRAULT waived orally and in writing. He made the following audio recorded statements, which are summarized, not reported verbatim:

    a.  While BRAULT initially denied use of Chat Application A, he eventually stated that he had an old phone on which he had Chat Application A and had been using the application for about a year.

    b.  BRAULT told investigators the phone with Chat Application A was inside a plastic chest in his bedroom.

    c.  BRAULT indicated that he was engaged in direct messages with other users on Chat Application A and when asked by agents if he sent or received child pornography in those messages, he nodded.

13. Investigators found a Samsung Galaxy phone hidden in a plastic chest in BRAULT's bedroom, and a preliminary manual review was conducted on the phone. This phone was assigned the telephone number ending in 6774, and email addresses that contained the first initial of the defendant's first name and his entire last name were associated with it.

14. A review of the gallery application on the phone revealed numerous albums containing images and videos. One such album contained approximately 201 videos, many of which appeared to depict child pornography. The following is an example.

   a. This video file is approximately two minutes and 43 seconds long and it depicts a prepubescent female who appears to be approximately three to four years old based on the overall size of her body, the size of her vagina, and the lack of pubic hair. She is seen laying down with her legs spread apart exposing her vagina. Throughout the video, an adult male is observed repeatedly pressing his erect penis against the child's vagina. Towards the end of the video, the adult male appears to ejaculate on the child's vagina.

15. A further manual review of the device showed that Chat Application A was installed, and the primary user account was the SUBJECT ACCOUNT. The user appeared to be present in over 50 different chats, many of which appeared to be related to child pornography. One chat in particular appeared to be a conversation with another user that began on approximately November 4, 2024, and concluded on approximately November 12, 2024. The conversation included the two users exchanging files depicting child pornography.

16. On November 10, 2024, the user of the SUBJECT ACCOUNT *(i.e.,* the account installed on BRAULT's phone) sends to another user a video file depicting child pornography. That video is described as follows:

   a. This video file is approximately two minutes and 17 seconds long, and it depicts a prepubescent female who appears to be eight to ten years old, based on the overall size of her body, childlike facial features, and the lack of pubic hair or breast development. Her genitals are exposed. Initially, the child is observed bending

over, and an adult erect penis is inserted into her anus. During the video, the child is also observed laying on her back with her legs spread apart exposing her vagina and an erect adult penis is inserted into her vagina repeatedly.

17. Also on November 10, 2024, the other user sends a video file to the user of the SUBJECT ACCOUNT that depicts child pornography. That video is described as follows:

    a. This video file is approximately 23 seconds long, and it depicts a nude prepubescent female that appears to be approximately six to eight years old based upon the size of her body, childlike facial features, and the lack of pubic hair and breast development. She is laying on her back with her legs spread apart exposing her vagina. The video begins with the camera close in focus to the child's vagina, and an erect adult penis is being inserted in her anus repeatedly. The camera later zooms out to show the child's entire body and face while the erect adult is being inserted into her anus repeatedly.

18. The Samsung phone seized pursuant to the warrants remains in the custody of HSI; further forensic analysis is pending.

(this space intentionally left blank)

24-MJ-4640-DHH

Accordingly, I respectfully request that that the Court issue the requested criminal complaint.

Sworn to under the pains and penalties of perjury,

*Casey Hyde/ 12/18*
Special Agent Casey Hyde
Homeland Security Investigations

SWORN before me telephonically pursuant to Fed. R. Crim. P. 4.1(d)(3) this 18th day of December 2024.

12:48 p.m.

HONORABLE DAVID H. HENNESSY
UNITED STATES MAGISTRATE JUDGE

8